```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

| | | |
|---|---|---|
| **CHARLAIN M. ALLEN,** | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACTION 09-00351-CG-B |
| **FRANK ALBRIGHT,** *et al.*, | : | |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2254 by an Alabama prison inmate, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases for appropriate action.  Because Petitioner has failed to prosecute and to comply with the Court's Order dated July 14, 2009, it is recommended that this action be dismissed without prejudice.

On January 23, 2009, Petitioner filed her petition for habeas relief in the United States District Court for the Middle District of Alabama. (Doc. 14).[1] The Middle District entered an Order transferring the case to this Court on June 17, 2009. (Id.) On July 14, 2009, this Court ordered Petitioner to complete and file her petition on this Court's current form by August 13, 2009. (Doc. 15). Additionally, the Clerk was directed to forward to Petitioner

---

[1]The Middle District granted Petitioner's motion for leave to proceed in forma pauperis. (Doc. 14).

a copy of the requisite form, along with a copy of the Order. Petitioner was cautioned that her failure to comply with the Order within the prescribed time or to advise the Court of a change in address would result in dismissal of her action.

A review of the docket reflects that the Court's July 14, 2009 Order was mailed to Petitioner at her address of record; however, on July 24, 2009, Petitioner's copy of the July 14, 2009 Order was returned to the Court with the notations "Return To Sender[;] Refused[;] Unable To Forward." (Doc. 16). As a result, the Court reviewed the Alabama Department of Corrections' website and learned that Petitioner is now being held at the Birmingham Work Release Center. Accordingly, the Court's July 14, 2009 Order was mailed to Petitioner at her new address on July 24, 2009. See (Doc. 16). To date, Petitioner has not responded in any manner to the Court's Order, nor has her copy of the Order and form been returned to the Court.

Due to Petitioner's failure to comply with the Court's Order dated July 14, 2009 (Doc. 15) and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent

authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. Int'l Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, Ballard v. Volunteers of America, 493 U.S. 1084, 110 S. Ct. 1145, 107 L. Ed. 2d 1049 (1990); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **25th** day of **August, 2009**.


　　　　　　　　　　　　　　　　　　**/S/ SONJA F. BIVINS**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

3

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)( c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

               /S/ SONJA F. BIVINS       
          **UNITED STATES MAGISTRATE JUDGE**